Bruce H. Orr, WSBA No. 19147
bho@wysekadish.com
Wyse Kadish LLP
900 SW Fifth Avenue, Suite 2000
Portland, OR 97204
WSBA No. 19147
Fax:  (503) 273-9135
Tel:  (503) 228-8448
Attorneys for Plaintiff J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc, | Case No.: 3:17-cv-05324 |
| Plaintiff, | |
| | COMPLAINT |
| vs. | |
| BRANDON FIX, individually, and as a member of TACOMA FC CLUBHOUSE; TACOMA FC CLUBHOUSE, an association or organization consisting of John Does 1 – 100, a/k/a SCIF or SCIF.ORG | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

1.     Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 Section U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.  Upon information and belief,[1] the Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Washington.

## VENUE

4.     Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Western District of Washington because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5.     Assignment to the Tacoma Division of the Western District of Washington is proper because a substantial part of the events or omissions giving rise to the claims occurred in Pierce County and/or the United States District Court for the Western District of Washington has

---

[1] The allegations made by Plaintiff herein concerning the whereabouts and wrongful conduct of Defendants are based on the investigation completed to date, and with the reasonable belief that further investigation and discovery in this action will lead to additional factual support. Therefore, Plaintiff reserves the right to supplement or amend its claims and the basis for those claims, with leave of court if necessary, as additional investigation and discovery is completed.

decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California Corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

7. Plaintiff is informed and believes, Defendant Brandon Fix was an owner, and/or operator, and/ or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the association doing business as, or otherwise operating as, Tacoma FC Clubhouse, or as SCIF or SCIF.ORG at 2607 East G Street, Tacoma, Washington 98421. Defendant Brandon Fix owns the domain scif.org that hosts the web page for Tacoma FC Clubhouse. That web page invites the general public to attend events involving, among other things, the viewing of various broadcast sporting events. Attached as Exhibit 1 are copies of some of the pages that constitute the web pages used for the financial benefit of the members of the Tacoma FC Clubhouse and the general public that, upon information and belief, was invited to attend the viewing of various sporting events.

8. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 13), Defendant Brandon Fix had the right and ability to supervise the activities of Tacoma FC Clubhouse, which included the unlawful interception of Plaintiff's *Program*. Brandon Fix invited persons to view the *Program* including, upon information and belief, persons that were not "members" of the Tacoma FC Clubhouse. Those persons were invited for the financial gain or benefit of defendants.

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 13), Brandon Fix, had the obligation to supervise the activities of Tacoma FC Clubhouse, which included the

unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Tacoma FC Clubhouse operated lawfully at all times.

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 13), Defendant Brandon Fix, specifically directed or permitted the members of Tacoma FC Clubhouse to unlawfully intercept and broadcast Plaintiff's *Program* at Tacoma FC Clubhouse, or intentionally intercepted, and/ or published the *Program* at Tacoma FC Clubhouse himself. The actions of the members and/or employees of Tacoma FC Clubhouse are directly imputable to Defendants, including Brandon Fix, by virtue of his acknowledged responsibility for the hosting and operation of Tacoma FC Clubhouse.

11. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants, including Brandon Fix and John Does 1 -100, resulted in financial gains and benefits for Tacoma FC Clubhouse and/or SCIF or SCIF.ORG.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

12. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-11, inclusive, as though set forth herein at length.

13. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program,* telecast nationwide on Saturday, May 2, 2015 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

14. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including

entities within the State of Washington, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

15.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Production, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

16.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of their association members, employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at the establishment in Tacoma, Washington located at 2607 East G Street, Tacoma, Washington 98421.

17.      Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

18.     Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of Communications, such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc. had the distribution rights thereto.

19.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 605, *et seq.*

20.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff J & J Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

21.     As result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

    (a)     Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c)     the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

22.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21, inclusive, as though set forth herein at length.

23.     The unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

24.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 553, *et seq.*

25.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

26.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

    (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b)     Statutory damages for each willful violation in an amount to

$50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553(c)(2)(C); and also

(d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553(c)(2)(C).

### COUNT III

### (Trespass of Chattel)

35. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-34, inclusive, as though set forth herein at length.

36. The Program was, for purpose of distribution, transmission, and broadcast, Plaintiff's property. Defendants willfully took and appropriated Plaintiff's property for their financial gain. They did so without permission of Plaintiff because they did not pay for the privilege of using the Program, or at least did not pay what they had to pay to make commercial use of the Program. They gained from that use. Plaintiff was damaged in an amount to be proven at trial.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against each Defendant, and

2. For reasonable attorney fees as mandated by statute, and

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against each Defendant;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For Plaintiff's damages to be proved at trial;

2. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and attorney fees if allowed by law; and

3. For such other and further relief as this Honorable Court may deem just and proper.

Date: May 1, 2017.          Respectfully submitted,

  /s/ Bruce H. Orr
**Wyse Kadish LLP**
By: Bruce H. Orr, WSBA No. 19147
Email: bho@wysekadish.com
Attorneys for Plaintiff
J & J Sports Productions, Inc.

scif | tacoma fc clubhouse                                                          http://www.thescif.org/tacoma-fc-clubhouse

Create a    site!

# Tacoma FC Clubhouse

Watch Seahawks, Sounders and International Games with Friends.



Join the Tacoma FC Clubhouse or just drop in and enjoy a game.

This site was created using WIX.com. Create your own for FREE >>

scif | membership                                                                 http://www.thescif.org/membership

Create a    site!

# Membership.

Join today or <u>contact us</u> to host an event at the SCIF.

**Founding SCIF Member**                    **$100 / Month**

As a Founding Member you receive 24/7 access to the SCIF social club facilities, no cost entry to all events, wifi access, storage access for 1 vehicle / trailer and priority private event rental use without rental fees. A limited number of members will be be allowed to join, then a wait list will be formed.

This site was created using WIX.com. Create your own for FREE >>