HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> BRANDON FIX, et al., <br><br> Defendants. | CASE NO. C17-5324 RBL <br><br> ORDER ON MOTION TO DISMISS |

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. 42]. Plaintiff J&J Sports Productions owned the exclusive nationwide commercial distributions rights to the May 2015 "Fight of the Century" between Floyd Mayweather, Jr. and Manny Pacquiao. J&J claims that Defendant Tacoma FC Clubhouse violated its distribution rights by showing the Pay-Per-View fight at an event at its clubhouse, which it claims is open to both Tacoma FC's members and the general public. J&J claims that Defendant Smith bought the fight on his residential account but instead showed it (or permitted it to be shown) "for financial benefit" at the clubhouse. It sued Tacoma FC and Smith for damages under the Communications and the Cable and Communications Policy Acts.

ORDER ON MOTION TO DISMISS - 1

Tacoma FC and Smith seek dismissal. Tacoma FC argues that the Court does not have subject matter jurisdiction over J&J's claim against it because Tacoma FC "does not exist." It seeks to demonstrate that fact by submitting search results from the Washington Secretary of State website purporting to show that Tacoma FC is not incorporated or licensed to do business.

J&J argues persuasively that an unincorporated association can be sued even if it is not registered with the Secretary of State. It argues that Tacoma FC's existential argument does not deprive this court of subject matter jurisdiction over a claim arising under federal law.

Undeterred, Tacoma FC argues that its very existence must be resolved as a factual matter before the court can have subject matter jurisdiction. It also raises a more traditional defense, arguing that it is not liable simply because the fight was shown at its clubhouse. Rather, it claims, it can only be liable if it had the right and ability to police the programming at the clubhouse, or if it profited from its display at the clubhouse.

Smith argues that J&J has failed to plead any facts plausibly tying him to Tacoma FC or its display of the fight. It has at best "implicated" his residential account, but it has not plausibly alleged that Smith had ownership or control over the clubhouse, or that he had any financial interest in it. Smith argues he is not liable simply because his residential account was used to purchase the fight.

J&J argues that Smith is strictly liable for the use of his residential purchase outside of his dwelling. It asserts that Smith's concerns are "belied" by its allegation that the fight displayed at the event was purchased on Smith's residential account by Smith. J&J argues that it has pled that Smith had the "right and ability to supervise" Tacoma FC, that he had the "obligation to supervise" Tacoma FC, that he "intercepted" or "specifically directed or permitted" Tacoma FC to "unlawfully intercept" the program, and that the "unlawful broadcast … resulted in direct or

indirect financial gains and benefits." J&J argues that these allegations are specific and plausibly establish Smith's responsibility for the unlawful distribution.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the

sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Dismissal under Fed. R. Civ. P. 12(b)(1) may be based on a facial or factual attack of a district court's subject matter jurisdiction. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack challenges the truth of the plaintiff's factual allegations. *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). In resolving a factual attack, the court may consider evidence presented with respect to the jurisdictional issue and rule on that issue. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). An attack on a federal-question claim should not be granted unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The Communications Act and the Cable and Communications Policy Act prohibit the unauthorized use of pay-per-view programming. *See* 47 U.S.C. §605(a)-(b); *see also* 47 U.S.C. § 553(a). One harmed by such violations can sue for money damages. 47 U.S.C. § 605 (e)(3)(A), (e)(3)(B)(ii); 47 USC § 553 (c)(1), (c)(2)(B); *See* 47 U.S.C. § 605(d)(6).

**A. Tacoma FC**

Tacoma FC's claim that the Court does not have subject matter jurisdiction because it "does not exist" is not supported by the cases it cites. The *Rice* court did not hold that parties who call themselves improperly named are dismissed. *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("It is undisputed that the improper defendant was named at the top of Rice's timely filing. That, though, does not compel a finding that the proper defendant was not, in fact, named."). The *McCarthy* court did not hold that a court does not have subject matter jurisdiction to hear a claim when a party asserts that it does not exist.

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988) (conducted limited factual investigation to determine whether the cause of action fell under the immunity provision of the Flood Control Act.).

The Court has subject matter jurisdiction to hear the claim because the federal Acts upon which the plaintiffs sued raise a federal question. Tacoma FC is a proper defendant for purposes of the court's subject matter jurisdiction. Whether it violated the Acts and whether J&J can enforce any resulting judgment are questions for another day. Tacoma FC's Motion to Dismiss is **DENIED.**

**B. Smith**

J&J's broadly labels Smith as a "member, owner, and/or operator, and/or licensee, and/or permitee, and/or persons in charge, and/or an individual with dominion, control, oversight and management of Tacoma FC." It attempts to show that its commercial distribution rights were violated by pleading that the interception was "for purposes of direct and/or indirect commercial advantage and/or private financial gain."

J&J has simply parroted the elements of the statute without factual context. It has, therefore, failed to plausibly state a claim. But the corrective for this is not dismissal, it is leave to amend. Smith's Motion to Dismiss is **DENIED.** J&J shall file an amended complaint addressing this deficiency within 21 days, or its claims against Smith will be dismissed.

//

//

//

Smith's alternate request for a continuance (based on his recent arrival in the case) is **GRANTED**. The Trial date is **STRICKEN** and the Clerk will issue a new scheduling Order. **IT IS SO ORDERED.**

Dated this 12th day of October, 2018.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge